D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

ORDER
09-cr-0141 (NGG)

-against-

SELWYN STANLEY,

Defendant.
----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On December 1, 2009, Magistrate Judge Joan M. Azrack issued a Report and Recommendation ("R&R") recommending that the court (1) deny Defendant's motion to suppress two pretrial identifications and (2) deny Defendant's request for an additional hearing. (See Docket Entry # 31.) On December 10, 2009, Defendant filed his objections to the R&R, raising two principal objections. (See Letter (Docket Entry # 33) ("Objections").) First, he objects that Judge Azrack should not have relied solely upon the testimony of Special Agent Gerald Handley, especially because Agent Handley did not adequately memorialize what occurred during the challenged pre-trial identification procedures. (See Objections 2.) Second, he challenges Judge Azrack's determination that the two pretrial identifications were independently reliable; specifically, he asserts that insufficient evidence supports a conclusion that the witnesses had the opportunity to identify Defendant. (See Objections 2, 3.)

When reviewing an R&R on a motion to suppress, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "This de novo review neither requires the district court to 'rehear the contested testimony' nor 'conduct a new hearing

1

on contested issues,'" and permits "'whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on the magistrate's proposed findings and recommendations." United States v. Houston, No. 08-CR-0457 (BMC), 2009 WL 2876671, at *1 (E.D.N.Y. Sept. 8, 2009) (quoting United States v. Raddatz, 447 U.S. 667, 674-75, 676 (1980)). "In making its decision, the court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' and 'may also receive further evidence.'" United States v. Rosa, 11 F.3d 315, 328 (2d Cir. 1993) (quoting 28 U.S.C. § 636(b)(1)).

The court has reviewed the transcript of the suppression hearing held by Judge Azrack and has conducted a de novo review of those portions of the R&R to which Defendant specifically objects. The court overrules Defendant's objections and adopts the R&R. Regarding Defendant's first objection, Judge Azrack criticized Agent Handley's failure to memorialize the identifications, but nonetheless concluded that he testified credibly and with sufficient detail to establish that the procedures were not unduly suggestive. (See R&R 7-8.) Defendant does not challenge Judge Azrack's credibility determination, and Agent Handley's testimony about the pretrial procedures are sufficient to establish that they were not unduly suggestive. Of course, this determination does not prevent defense counsel from cross-examining Agent Handley concerning the reliability of the identification procedures at trial or from arguing reliability to the jury during summation. See Watkins v. Sowders, 449 U.S. 341, 347-49 (1981) (noting availability of cross-examination and summation on the reliability of identification procedures).

Regarding Defendant's second objection, Judge Azrack correctly noted that no determination of independent reliability was required following her determination that the pre-trial identification procedures were not unduly suggestive. (See id. at 10 (citing United States v.

Maldonado-Rivera, 922 F.2d 934, 973 (2d Cir. 1990)).) Moreover, the court adopts her determination that, even if the identification procedures were unduly suggestive, independent indicia of reliability would allow the court to admit in-court identifications. (See id. at 10-11.) Defendant challenges the R&R's conclusion that each witness had adequate time to observe Defendant. (See Objections 2.) But Agent Handley's testimony was sufficient to support this conclusion. (See Tr. at 20 (witness Kirk spent a day or two with Defendant and he drove her to the airport), 22 (witness CW saw Defendant two to three times), 56 (witness CW saw Defendant once or twice).) To the extent Defendant would like to cross-examine the witnesses on their observations, he will have the opportunity to do so at trial.

Defendant's motions to suppress and for an additional hearing are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 22, 2009

s/Hon. Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge