UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

UNITED STATES OF AMERICA

**ORDER**

**09-CR-141 (NGG)**

-against-

SELWYN STANLEY,

Defendant.

-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

 The Government seeks to admit evidence at trial of uncharged criminal acts by Defendant

Selwyn Stanley. ("Motion" (Docket Entry # 36); "Amendment to Motion" (Docket Entry # 37).)

Defendant opposes this motion. ("Opposition" (Docket Entry # 38).) As set forth below, the

Government's motion is GRANTED.

 Defendant is charged with four criminal counts. They include conspiracy to import

cocaine in violation of 21 U.S.C. § 952(a) and conspiracy to distribute cocaine in violation of 21

U.S.C. § 841(a)(1). ("Indictment" (Docket Entry # 45).) The Government asserts that

Defendant, along with a co-conspirator named Sharon Cole, recruited couriers from Guyana to

transport cocaine into the United States. (Motion 1.) The Government alleges that the charged

acts occurred between August and November of 2004. (Indictment.)

 In the motion currently before the court, the Government seeks to introduce evidence

that: (1) in February 2004, Cole and Defendant facilitated the entry into the United States of a

heroin courier travelling from Trinidad, (2) in June 2004, Cole transported cocaine from Guyana

into the United States at Defendant's request, and (3) in the summer of 2004, Defendant obtained

a fraudulent driver's license for Cole, along with 19 other fraudulent licenses, so that she could

help him lease a car. (See Motion; Amendment to Motion.)

1

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of a criminal defendant's "[o]ther crimes, wrongs, or acts" to show that the defendant acted in conformity with those prior bad acts. Such evidence may be admissible, however, if offered for a non-propensity purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998) (noting that evidence of uncharged acts can be admitted "for any purpose except to show criminal propensity").

The Government asserts two non-propensity purposes for offering evidence of Defendant's uncharged criminal acts. First, the Government argues that the acts are admissible as background evidence of the charged conspiracy. (Motion 4-5.) Second, the Government argues that Defendant is likely to assert a "mere presence" defense at trial, thereby placing his knowledge and intent at issue. (Id. at 5-6.) Defendant contests both grounds for admission.

In conspiracy cases, the admission of evidence of prior acts is proper if the evidence informs the jury of "the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993); United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000) (same).

Defendant allegedly perpetrated the uncharged acts a few months before he committed the charged crimes. Evidence of the uncharged acts would help a jury understand the trust between Defendant and Cole, as well as the development of any conspiracy between them. Defendant argues that, because he was romantically involved with Cole, evidence of his uncharged acts is unnecessary to establish their relationship. (Opposition 2.) Even assuming that such evidence is adduced at trial, evidence of a romantic relationship is distinct from evidence of a criminal relationship. The latter is significantly more relevant to the conspiracy

with which Defendant is charged. Accordingly, the Government has established a proper purpose for introducing Defendant's uncharged acts.[1]

Evidence of uncharged acts may also be introduced when a defendant's knowledge and intent are at issue. See United States v. Martino, 759 F.2d 998, 1005 (2d Cir. 1984). This is the case where a defendant asserts a "mere presence" defense in a trial involving illegal narcotics. See United States v. Bruno, 873 F.2d 555, 561-62 (2d Cir. 1989). The Government anticipates, based on a post-arrest interview with Defendant, that he will assert such a defense. (Motion 5.) Defendant characterizes this as a "presumptuous prognostication." (Opposition at 2.) Because it is not currently clear that Defendant will assert a "mere presence" defense, the court reserves decision on whether the government may also offer evidence of uncharged acts for this purpose.

Even when offered for a proper purpose, evidence of uncharged acts may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994). Because Defendant's uncharged criminal acts involved Cole, his alleged co-conspirator, the probative value of the evidence is significant. The danger of prejudice is limited because Defendant's uncharged conduct "did not involve conduct more serious than the charged crime." Williams, 205 F.3d at 34; see also United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (limited danger of prejudice where "evidence did not involve conduct more inflammatory than the charged crime"). The likelihood of prejudice can be further restricted by an instruction to the jury that it may only consider evidence of uncharged conduct for the purpose – or purposes – for which it was admitted. Williams, 205 F.3d at 34; Livotti, 196

---

[1] Defendant criticizes the Government's motion for its "lack of specificity as to the date or dates of this alleged activity." (Opposition 1.) The court finds, however, that the Government's motion provides "reasonable notice . . . of the general nature of [the uncharged acts] evidence" that the Government seeks to introduce. Fed. R. Evid. 404(b).

F.3d at 326. Defendant may request a limiting instruction to that effect at an appropriate time should the Government introduce this evidence.

The Government's motion to introduce evidence of Defendant's uncharged criminal acts involving Cole is GRANTED. The Government may not, however, introduce evidence that Defendant obtained fraudulent driver's licenses for other individuals.

SO ORDERED.

/s/ Nicholas G. Garaufis  
Dated: Brooklyn, New York               NICHOLAS G. GARAUFIS  
     April 21, 2010             United States District Judge